## In re SOUTHERN INDUSTRIAL BANKING CORPORATION, Debtor.

### Thomas E. DUVOISIN, Liquidating Trustee, Plaintiff,

v.

### Gerhard BUCHER and Jean Bucher, Defendants.

Bankruptcy No. 3–83–00372.

Adv. No. 3–84–0344.

United States Bankruptcy Court, E.D. Tennessee.

Sept. 20, 1988.

John A. Lucas, Jeffrey S. Norwood, Hunton & Williams, Knoxville, Tenn., for plaintiff.

Dexter A. Christenberry, Knoxville, Tenn., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE C. PAINE, II, Chief Judge.

The following constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. This is a core proceeding. 28 U.S.C. Section 157(b)(2)(A).

### A. *Procedural History*

This proceeding was commenced by the filing of a complaint by the Trustee to recover certain transfers by the Debtor to the defendants as preferential under 11 U.S.C. Section 547(b). On June 30, 1988, the Court entered a judgment in favor of the Liquidating Trustee and against the defendants granting the plaintiff's motion for summary judgment and his motion to dismiss the "Counter–Complaint" filed by the defendants. The Judgment avoided as preferential the transfers to the defendants

and entered judgment against them, jointly and severally, in the amount of $9,649.09, plus costs and prejudgment interest.

On July 1, 1988, the defendants filed a "Motion for New Trial" (the "Motion"). On July 8, 1988, the plaintiff moved to strike this pleading and for sanctions pursuant to Federal Bankruptcy Rule 9011 and 28 U.S.C. § 1927 against defendants or their counsel on the grounds that the Motion contained redundant, immaterial and impertinent matters and attempted to raise matters that have been previously rejected or decided by this Court. In addition, the pleading, signed by counsel, contained statements of law and fact that have no foundation.

A complete recitation of the defects and inaccuracies in the Motion is not necessary. A brief summary of some of the more egregious ones is sufficient:

1. The Debtor's fraud as a defense to these preference actions has previously been considered and rejected by this Court. *See* Order and Memorandum entered in Consolidated Adversary Proceedings, September 26, 1988 (J. Bare).

2. The Motion states that the Court "erred in sustaining Chapter 11 since the creditors would have gotten much more money under Chapter 7...." No factual basis for this assertion is proffered. Of course, the Court previously determined the opposite to be true in confirming the Modified Plan. *See* Order Nos. 73 and 93 entered November 28, 1983 and January 24, 1984, respectively (J. Bare). In addition, the Court previously determined that the Debtor was insolvent by at least $11,-638,028 throughout the Preference Period. *See DuVoisin v. Anderson, et al. (In re SIBC)*, 71 B.R. 351, 375 (Bankr.E.D.Tenn. 1987). Mr. Christenberry's assertion, consequently, is incredible. Even if true, no explanation is given as to why this constitutes a basis for a new trial.

3. No factual basis is suggested for the notions that the creditors' committee was "appointed by insiders" or that it was "controlled by the Butchers". No explanation is given as to why these constitute a basis for a new trial.

4. The suggestion that the Court violated 11 U.S.C. § 1129(a)(10) by confirming the Modified Plan in the absence of an acceptance by at least one impaired class is not supported by any proffered factual basis. In fact, the record in this bankruptcy case shows that the Modified Plan was accepted by at least one impaired class. No explanation is given as to why this unfounded allegation—even if true—constitutes a basis for a new trial.

On July 25, 1988, the Court entered an Order denying Mr. Christenberry's motion for a new trial because "there is no basis whatsoever to grant it. All issues raised in the motion have either been dealt with in prior orders of the court or are nonsensical."

On August 4, 1988, the Court served written notice on counsel for all parties that the plaintiff's Motion to Strike and for Sanctions would be heard on August 16, 1988, at 1:30 p.m., Room 216, Customs House, 701 Broadway, Nashville, Tennessee.

Defendants' counsel failed to appear at the hearing. Mr. Christenberry also failed to respond to plaintiff's Motion for Sanctions, despite ample opportunity to do so. Because Mr. Christenberry chose not to appear at the hearing, the Court exercised its discretion to decide the motion based upon the briefs, the plaintiff's counsel's argument, the motion to strike and the record in this proceeding as a whole, and granted sanctions against defendants' counsel.

At the hearing, the Court was presented with a pleading captioned "Notice of Attorney Dismissal" filed by Mr. Christenberry. This "Notice" was served upon plaintiff's counsel shortly before the hearing but was not contained in the Court's file. The Notice states as follows:

Comes Dexter A. Christenberry, Attorney, and announces that he has been dismissed by defendants in this cause. He has been advised by his former clients that they are in contact with plaintiff attempting a settlement of this matter.

The Motion set for August 16, 1988 is hereby withdrawn.

/s/ <u>Dexter A. Christenberry</u>

Mr. Christenberry failed to follow the Court's procedure for withdrawing as counsel. To the extent that the Notice is intended by Mr. Christenberry as a Motion requesting permission to withdraw, it is denied. Obviously, Mr. Christenberry is without authority to withdraw a motion for sanctions filed against him or to cancel a hearing noticed by the Court.

### B. *Bankruptcy Rule 9011*

Bankruptcy Rule 9011 is patterned after Rule 11, Fed.R.Civ.P., which was amended in 1983. The Rule imposes an affirmative duty on an attorney to conduct a reasonable investigation of the law and facts prior to signing a pleading. In *In re Ligon*, 50 B.R. 127, 132 (Bankr.M.D.Tenn.1985), this Court noted that the 1983 amendments replaced the original subjective requirement that an attorney sign a pleading in good faith with a more stringent requirement. There must be objective reasonableness under the circumstances rather than an attorney's certification that there are good grounds to support the pleading. *See INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir.1987).

The Advisory Committee Notes indicate some factors to consider in determining what constitutes reasonable inquiry. *1983 Amendments to Fed.R.Civ.P.*, 97 F.R.D. 165, 199. These include (1) how much time for investigation was available to the signer, (2) whether he had to rely on a client for information as to the facts underlying the pleading, (3) whether the pleading was based on a plausible view of the law, or (4) whether he depended on forwarding counsel or another member of the bar.

None of these factors benefit Mr. Christenberry as to the reasonableness of his inquiry given the circumstances of the case. *INVST Financial Group, Inc. v. Chem–Nuclear Systems*, 815 F.2d at 401. Mr. Christenberry had ample opportunity for investigation, he did not have to rely on information from his clients, his pleading was not based on a plausible view of the

law and, in fact, was directly in conflict with prior rulings in this case, and he did not depend on other attorneys.

The Motion's patent misstatements of fact and law and its attempted re-argument of defenses already ruled upon by the Court are precisely the sort of conduct that Rule 11 is designed to reach. In this case, neither the factual allegations nor the legal theories are well founded. The pleading clearly violates the strictures of Rule 11. The imposition of sanctions therefore is both appropriate and mandatory. *See Albright v. Upjohn Co.*, 788 F.2d 1217, 1222 (6th Cir.1986) (Trial courts have a mandatory, non-discretionary duty to impose sanctions under Rule 11 where pleadings are not "well grounded in fact."). The imposition of sanctions is part of the Court's responsibility for securing the system's effective operation. *1983 Amendments to Fed.R.Civ.P.*, 97 F.R.D. 165, 200. Finally, the election of the type of sanctions to be imposed is within the Court's discretion. *Albright v. Upjohn Co.*, 788 F.2d at 1222.

### C. *28 U.S.C. § 1927*

Plaintiff's motion for sanctions is also based upon 28 U.S.C. § 1927 which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Section 1927 is a compliment to the Court's power under Rule 11 and provides an additional basis for imposing sanctions against Mr. Christenberry in this proceeding.

This Court has repeatedly rejected Mr. Christenberry's efforts to re-open the question of whether the Debtor's fraud constitutes a defense to these preference actions. Such attempted relitigation of issues is precisely the sort of conduct proscribed by § 1927. The court's decision in *McLaughlin v. Bradlee*, 602 F.Supp. 1412 (D.D.C. 1985) is instructive. In that case, a *pro se* plaintiff continued to pursue claims and

legal issues previously rejected by the court. The trial court warned against this but reserved ruling on sanctions.[1] When faced with four frivolous post-trial motions, the court imposed sanctions. The court's language is also applicable here:

> The defendants first moved for sanctions against McLaughlin because McLaughlin was attempting to relitigate matters already adjudicated. It is especially appropriate to impose sanctions in situations where the doctrines of *res judicata* and collateral estoppel plainly preclude relitigation of this suit. The imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed.

*Id.* at 1417.

The Sixth Circuit's opinion in *Jones v. Continental Corp.,* 789 F.2d 1225 (6th Cir. 1986), also demonstrates that sanctions under 28 U.S.C. § 1927 are appropriate here. There the court cited with approval the Seventh Circuit's opinion in *Knorr Brake Corp. v. Harbil, Inc.,* 738 F.2d 223 (7th Cir.1984), where the Court held that sanctions could be awarded under § 1927 "when an attorney, though not guilty of conscious impropriety, 'intentionally … [pursues] a claim that lacks plausible legal or factual basis.'" 738 F.2d at 226–27. The Sixth Circuit noted that in *Knorr* the Seventh Circuit had "accurately discerned the meaning of § 1927" and further held:

> 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety. An attorney's ethical obligation of zealous advocacy on behalf of his or her client do not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing non-

frivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise 'unreasonable and vexatious.'

> Accordingly, at least when an attorney knows or reasonably should know that a claim pursuit is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

789 F.2d at 1230.

The present motion goes beyond "zealous advocacy." It is both multiplicative and vexatious. Many statements in it are totally nonsensical. Sanctions are therefore appropriate under § 1927.

### D. *Conclusion*

It is unacceptable for the Liquidation Trust to have to expend its beneficiaries' funds for legal fees and expenses to respond to such a frivolous motion. The Court must be especially vigilant in a case such as this with literally hundreds of adversary proceedings and the real threat posed to the estate's assets from such multiplicative and harassing litigation tactics. The cost of responding to this Motion therefore should be borne by Mr. Christenberry, not by the Liquidating Trustee.

█ The Liquidating Trustee's counsel has submitted an Affidavit which details the time and expenses incurred in responding to the Motion, attending the hearing and preparing the proposed findings of fact and conclusions of law requested by the Court.[2] Mr. Norwood's Affidavit reflects that Hunton & Williams expended a total of 30.5 hours at the hourly rates of $150.00 for John A. Lucas and $110.00 for Jeffrey S. Norwood as a consequence of Mr. Christenberry's Motion for a New Trial. In addition, Hunton & Williams incurred travel expenses in the amount of $90.95. The Court finds that the hours expended and

---

1. In a related adversary proceeding, *DuVoisin v. Kirkland* (Adversary Proceeding No. 3–85–0103) Mr. Christenberry also attempted to raise the same defense again. Judge Bare granted the Plaintiff's motion to strike in that proceeding, while reserving ruling on his motion for sanctions. *See* Order entered April 7, 1987, in that adversary proceeding. This Court has now granted the Plaintiff's request for sanctions against Mr. Christenberry in the *Kirkland* adver-

sary proceeding. *See* Memorandum and Order entered Sept. 20, 1988, in 91 B.R. 467.

2. The Affidavit also details the time and expenses incurred in responding to Mr. Christenberry's Motion for Summary Judgment in the *Kirkland* case, Adversary Proceeding No. 3–84–0103.

expenses incurred were reasonably necessary. The Court further finds that the hourly rates are reasonable. *INVST Financial Group v. Chem–Nuclear, Inc.,* 815 F.2d at 405. Accordingly, the Liquidating Trustee is entitled to a judgment for compensatory damages of $3,585.95.

The Court further finds that the Motion, for the reasons stated above, is so frivolous that it is appropriate to impose punitive damages against Mr. Christenberry in addition to the compensatory damages discussed above. In this case, punitive damages are appropriate and necessary to fulfill the twin goals of Rule 11 "which are the deterrence and punishment of offenders and the compensation of their opponents for expenditure of time and resources responding to unreasonable pleadings or motions. *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d at 404. Mr. Christenberry has unnecessarily multiplied these proceedings by attempting to re-litigate issues previously decided adverse to the defendants. Even a cursory review of the Court's opinions in these consolidated adversary proceedings would have revealed these controlling precedents. Accordingly, the Liquidating Trustee is entitled to an award of punitive damages of $2,000.00.