In re **SOUTHERN INDUSTRIAL BANKING CORPORATION, Debtor.**

Thomas E. **DUVOISIN, Liquidating Trustee, Plaintiff,**

v.

Susan Kay **KIRKLAND, et al., Defendants.**

Bankruptcy No. 3–83–00372.

Adv. No. 3–84–0103.

United States Bankruptcy Court, E.D. Tennessee.

Sept. 20, 1988.

John A. Lucas, Jeffrey S. Norwood, Hunton & Williams, Knoxville, Tenn., for plaintiff.

Dexter A. Christenberry, Knoxville, Tenn., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE C. PAINE, II, Chief Judge.

The following constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. This is a core proceeding. 28 U.S.C. Section 157(b)(2)(A).

This proceeding was commenced by the filing of a complaint by the Trustee to recover certain transfers by the Debtor to the defendants as preferential under 11 U.S.C. Section 547(b). On June 30, 1988, the Court entered a judgment in favor of the Liquidating Trustee and against the defendants granting the plaintiff's motion for summary judgment. The judgment was avoided as preferential the transfers to the defendants and entered judgment against them, jointly and severally, in the amount of $51,805.34, plus costs and pre-judgment interest.

Prior to the entry of Judgment, this Court granted plaintiff's Motion to Strike the motion for summary judgment filed by Dexter A. Christenberry on March 13, 1987. *See* Order entered April 7, 1987, (J. Bare) in Adversary Proceeding No. 3–85–0103. The Court, however, reserved decision on the plaintiff's request for sanctions against Mr. Christenberry pursuant to 28 U.S.C. § 1927 and Federal Bankruptcy Rule 9011.

The Liquidating Trustee filed a Memorandum in support of his motion for sanctions. Mr. Christenberry did not respond to the motion. At the hearing held before the Court on August 16, 1988, in Nashville on the plaintiff's motion for sanctions in the *Bucher* case, Adversary Proceeding No. 3–84–00344, the Court also ruled upon the motion previously reserved by Judge Bare. The Court, in its discretion, based its ruling on the briefs, the motion for sanctions and the record as a whole in this proceeding. For the reasons stated in the

Memorandum filed on Sept. 20, 1988, in *DuVoisin v. Bucher*, 91 B.R. 463, (Bankr. E.D.Tenn.), which Memorandum is incorporated herein by reference, the Court hereby GRANTS the plaintiff's Motion for Sanctions filed March 23, 1987.

The Liquidating Trustee's counsel has submitted an Affidavit which details the legal fees incurred in responding to the defendants' Motion for Summary Judgment. Mr. Norwood's Affidavit reflects that Hunton & Williams expended a total of 8.25 hours at the hourly rates of $150.00 for John A. Lucas and $120.00 for Gregory G. Little as a consequence of Mr. Christenberry's motion. The Court finds that the hours expended and expenses incurred were reasonably necessary. The Court further finds that the hourly rates are reasonable. *INVST Financial Group v. Chem–Nuclear, Inc.*, 815 F.2d 391, 405 (6th Cir.1987). Accordingly, the Liquidating Trustee is entitled to recover compensatory damages of $1,215.00.