**NITRAM, INC., Petitioner,**

v.

**INDUSTRIAL RISK INSURERS, et al., Defendants/Third–Party Plaintiffs,**

v.

**MAN GUTEHOFFNUNGSHÜTTE Gmbh, Dresser Industries, Inc., et al., Third–Party Defendants.**

No. 85–1770–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

July 13, 1993.

Charles W. Pittman, MacFarlane, Ferguson, Allison & Kelly, Tampa, FL.

R. Dennis Withers, Brent J. Kaplan, Robins, Kaplan, Miller & Ciresi, Atlanta, GA.

Frank H. Gassler, Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, FL.

John L. O'Donnell, Jr., DeWolf, Ward, O'Donnell & Hoofman, P.A., Orlando, FL.

Deborah F. Frick, James R. Freeman, Shear, Newman & Hahn, Tampa, FL.

Terry A. Smiljanich, Blasingame, Forizs & Smiljanich, St. Petersburg, FL.

Clark Jordan–Holmes, Tampa, FL.

Donald T. Ryce, David J. Stefany, Hogg, Allen, Norton & Blue, Tampa, FL.

Mark E. Grantham, Holland & Knight, Tampa, FL.

C. Robert Dunn, Dunn, Kacal, Adams, Livingston, Pappas & Law, P.A., Houston, TX.

## ORDER AWARDING RULE 11 SANCTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on motion to award sanctions made pursuant to Rule 11, Federal Rules of Civil Procedure, filed by BARNARD AND BURK ENGINEERS & CONSTRUCTORS, INC. ("BBEC"), BARNARD AND BURK GROUP, INC. ("BARNARD AND BURK"), and INDUSTRIAL RISK INSURERS ("IRI"), (collectively the "Respondents"), against MAN GUTEHOFF-NUNGSHÜTTE Gmbh ("MAN GHH").

### Summary of Relevant Facts

This order addresses Respondents' Motion for Sanctions to be imposed against MAN GHH in this action pursuant to Rule 11, Fed.R.Civ.P., The Motion to Award Sanctions requests expenses, attorney's fees, and other appropriate sanctions. The Respondents assert as grounds for the motion that MAN GHH's motion for Preliminary Injunction, or in the alternative, Motion to Compel Arbitration, and supporting memorandum [Docket Nos. 540 and 541]: (1) contained misrepresentations of fact; (2) presented positions inconsistent with those previously taken by MAN GHH; and (3) demonstrated excessive persistence on the part of MAN GHH by attempting to circumvent prior rulings issued by this court, as well as the American Arbitration Association; and, thus, amounted to a frivolous motion intended to harass Respondents.

Respondents allege that, MAN GHH misrepresented in its motion that the claims raised by Respondents were new, and not a part of those matters originally submitted by the parties for arbitration. MAN GHH argues that this Court's Orders [Docket Nos. 171 and 328] pertained only to claims related to the Design Contract, and not to the Installation or Commission contracts. As this

court recognized in adopting the Respondents' Response [Docket No. 548 at 2.]; That representation was "not truthful ... 'and that this was' ... simply a relitigation of a matter decided over four years ago by this Court."

The Respondents contend that MAN GHH has taken inconsistent positions, by demanding and receiving arbitration of all claims by the collective Respondents assertable against it, because they were all related [Docket No. 328 at 3]. Later, in its Motion for Preliminary Injunction, MANN GHH contests the very forum which it had itself chosen. By seeking to have matters arbitrated in Zurich, Respondents allege that MANN GHH has demonstrated excessive persistence in ignoring the previous adverse rulings on the issue of venue and jurisdiction.

## STANDARD FOR IMPOSING RULE 11 SANCTIONS

The purpose of RULE 11 is threefold. It serves to: 1) deter the filing of claims, defenses, or motions with no factual or legal basis, 2) expedite the administration and procedure of claims within the federal courts, and 3) to punish improper conduct of litigants and their representatives. *Cooter & Gell v. Hartmarx Corporation*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359, 374 (1990). Under Rule 11, every signature on a pleading certifies that the attorney has conducted reasonable inquiry to assure that the motion or pleading is well grounded in fact, and warranted by existing law or constitutes a good faith argument for a change in the existing law. It further signifies that the motion or pleading has not been filed in bad faith to harass the opponent, unnecessarily delay the proceedings, or unduly increase the cost of litigation. *Pierce v. Commercial Warehouse*, 142 F.R.D. 687 (M.D.Fla.1992).

Once a motion, pleading or paper is signed in violation of this rule, the court *shall* impose sanctions, upon motion or of its own volition, upon the attorney who signed it, the client, or both. An appropriate sanction might include an order to pay to opposing party or parties, the amount of reasonable expenses, including attorney's fee, incurred in responding to the motion, pleading or pa-

**664**

per. *Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.,* 750 F.Supp. 487, 494 (M.D.Fla.1990).

## ANALYSIS

 The Court finds that despite the unique facts and complex contractual issues at stake in this case, it must warn MAN GHH that its "sophisticated legal argument" on inspection appears to be a blatant disregard for prior rulings, which is not reasonable under any circumstances. As MAN GHH contends in its response to this motion for sanctions, Rule 11 is not designed to eliminate creative theories or innovative lawyering, and a party need not prevail to avoid sanctions. In this case, however, MAN GHH has unsuccessfully attempted on several occasions to have the arbitration hearing removed to a European forum. This, despite the prior ruling by this court which declared that all claims against MAN GHH be resolved by the arbitration which MAN GHH demanded [Docket No. 328 at 3]. Arbitration is an alternative dispute resolution process which is designed to avoid the delays and costs of litigation. Because MAN GHH ignored the prior rulings by this Court and other tribunals on this matter, this Court must exercise its duty to discourage such foot-dragging and judicial disregard by parties involved in the legal process. MAN GHH's tactical maneuvering has prejudiced Respondents by needlessly increasing costs.

This Court has determined that sanctions are to be assessed pursuant to Rule 11 against MAN GHH. Because MAN GHH was insistent upon litigating the issue of venue which was previously decided, it is appropriate to require that MAN GHH compensate Respondents for all reasonable costs, attorney's fees, and reasonable expenses incurred by Respondents in defense of this action. Sanctions shall be limited to those costs, reasonable attorney's fees, and reasonable expenses incurred up until this order, dated July ____, 1993 [Docket No. 554]. Respondents are directed to file affidavits compiling the costs resulting from the defense of the Motion for Preliminary Injunction and alternative Motion to Compel Arbitration. Further, sanctions will require MAN GHH compensate Respondents for the costs, reasonable attorney's fees, and reasonable expenses incurred for preparation and filing of Respondents' Motion for Sanctions filed February 18, 1993 [Docket No. 549]. Accordingly, it is:

**ORDERED** that Respondents' Motion for Rule Sanctions, filed February 18, 1993, be **GRANTED,** as against MAN GHH and its counsel.

It is further **ORDERED** that Respondents submit to this Court, within ten (10) days of this order, an accounting of all costs, fees, and expenses for which compensation is being claimed pursuant to sanctions ordered herein, and MAN GHH **shall have** five (5) days to respond to the motion for attorney's fees and costs.

**DONE AND ORDERED.**