William F. **DEVEREAUX,** Plaintiff,

v.

George H. **COLVIN, Parks Stallings,** and Does 1–10, Defendants.

No. 93–1681–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Feb. 16, 1994.

Mark Arth, Arth Law Offices, Sarasota, FL, Anton N. Handal, Law Office of Anton N. Handal, San Diego, CA, for plaintiff.

Ava K. Doppelt, Allen, Dyer, Doppelt, Franjola & Milbrath, Orlando, FL, for defendants.

### ORDER GRANTING MOTION TO VACATE PRELIMINARY INJUNCTION

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Vacate the Temporary Restraining Order, which has become a Motion to Vacate Preliminary Injunction, and Defendants' Motion for the Imposition of Sanctions. Hearing for Plaintiff's Motion for Preliminary Injunction was held November 12, 1993. Pursuant to that hearing, and taking into consideration affidavits and post-hearing memoranda filed by both parties, this Court hereby grants the Motion to Vacate Preliminary Injunction and the Motion for Sanctions for the following reasons.

### STANDARD OF REVIEW

Whether a preliminary injunction should issue turns upon four factors: 1) a substantial likelihood that the plaintiff will prevail on the merits; 2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; 3) a showing that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to the defendant; and 4) that granting the preliminary injunction will not disserve the public interest. *Cunningham v. Adams,* 808 F.2d 815, 819 (11th Cir.1987).

The plaintiff has the burden of persuasion as to each of these four factors. Failure to sustain this burden with regard to any one of the elements will cause the motion to be denied. *United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983). Because this Court finds that elements one and two have not been proven by Plaintiff, to this Court's satisfaction, the preliminary injunction shall be vacated.

### FACTS

In the present action, Plaintiff, Mr. Devereaux, is seeking to enjoin alleged infringement of a computer program copyright.

On September 28, 1993, Plaintiff filed a four-count complaint for copyright infringement and related state law claims against Defendants, Mr. Colvin, Mr. Stallings, and DOES 1–10. At the same time, Plaintiff moved for and obtained an *ex parte* temporary restraining order while concurrently moving for a preliminary injunction. In opposition, Defendants made a Motion to Vacate the Temporary Restraining Order along with moving for sanctions. On November 12, 1993, after a hearing before Magistrate Judge Thomas G. Wilson, a preliminary injunction was granted. Additionally, the Court agreed to review this matter upon receipt of further materials that the parties sought to file.

Plaintiff alleges in his complaint that Defendants infringed upon his copyright belonging to a computer program known as "Pension Option Planning," or "POP." Plaintiff requested, in his Motion for Temporary Restraining Order, that Defendants be restrained from making any use of not only POP, but also of other programs known as "Retirement Option Planning," or "ROP," and "The Other Option/Option No. 5," or "any version thereof", (even though Plaintiff's Complaint makes no mention of alleged infringement of "ROP" or "The Other Option/Option No. 5"). Defendants maintain that there was no infringement because Plaintiff had transferred a one-quarter undivided interest in the program known as "ROP" to a now defunct company called Planned Benefit Services, Inc. Defendant Colvin was the president of that company and Plaintiff was a former employee at the time of the transfer. According to *Community for Creative Non–Violence v. Reid,* 846 F.2d 1485, 1498 (D.C.Cir.1988), *aff'd.,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989), joint authors share equally in ownership, even if their individual contributions to the joint work are unequal. Defendants also maintain that POP is a modified version of ROP and that they are essentially one and the same work.

Upon further review of materials submitted by the parties, it has come to this Court's attention that Plaintiff has a parallel case pending in the Southern District of California against Massachusetts Mutual Life Insurance Company ("Mass Mutual"). (Brown Affidavit). It has been revealed that Defendants in the present case are insurance agents for Mass Mutual. The complaint in the California case was filed by Plaintiff on November 5, 1991 and charges Mass Mutual with infringing the copyright in both ROP and POP. It should be noted that Plaintiff did not seek a temporary restraining order nor a preliminary injunction in the California litigation. This fact is a bit puzzling, given that in the present case, Plaintiff sought an immediate temporary restraining order to halt the similarly complained of activity that is the focus of the California case.

While not binding on this Court, the California court did rule as a matter of law that Plaintiff could not sue Mass Mutual for copyright infringement of ROP because Mass Mutual's agent, Defendant Colvin, possessed a one-quarter undivided interest in this program. Trial in the California litigation is set for February 1994. (Brown aff. ¶ 11).

The sole question before this Court, *at this time,* is whether Plaintiff has met its burden to establish all four of the prerequisites for the granting of a preliminary injunction. After further review and examination of the subsequent materials and affidavits presented, this Court cannot say, at this time, that Plaintiff is likely to prevail on the merits.

According to 17 U.S.C.A. § 102(b), comment, (which refers to copyrights in computer programs), ". . . the expression adopted by the programmer is the copyrightable element in a computer program, and the actual processes or methods embodied in the program are not within the scope of the copyright law." It appears in this case that Plaintiff has based his claim for injunction entirely on his possession of a copyright certificate of registration for the POP program. It still remains unclear to this Court what, if anything, Defendants have infringed upon. This is especially so since it appears that they own a one-quarter interest in at least one of the computer programs. It is singularly difficult to ascertain which program is the "original" and which program is a "clone." No evidence has been offered which states with particularity which program has been substantially copied. Defendants would

encounter a great deal of difficulty purloining a program in which they already have a legally vested interest.

■ To prevail on a copyright claim, a plaintiff must show that he was owner of a valid copyright in the work and that the defendant copied the work without authorization from the plaintiff. *Southern Bell Telephone and Telegraph Co. v. Associated Telephone Directory Publishers,* 756 F.2d 801, 810 (11th Cir.1985). In accordance with this standard, neither Defendant Colvin (as joint author/owner of the ROP/POP program) nor his agents or licensees can be held liable for copyright infringement. Consequently, element one has not been proven to this Court's satisfaction.

The second element Plaintiff must establish is irreparable injury. Plaintiff admits that when he departed from Defendant Colvin's former company, Planned Benefit Services, Inc., in 1986, he left the software in question on Defendant's computer. (Handal Decl. (2d), Exhibit K). Plaintiff alleges that he notified Defendant, via a letter around February 1987, that Defendant no longer had permission to use his software. Defendant denies ever receiving this letter. It does not appear that any other action was taken by Plaintiff until he instituted the California litigation, and then subsequently the litigation in this Court. This would appear to be the passage of an inordinate amount of time for Plaintiff to stand quietly by while his copyright is allegedly being infringed upon. Plaintiff has not established, under these facts, that he has been or will continue to be irreparably harmed if the preliminary injunction is vacated.

Because elements one and two have not been established to this Court's satisfaction, the Court finds it unnecessary to address elements three and four.

■ The remaining issue for the Court's consideration is Defendants' motion to impose sanctions pursuant to Rule 11, Fed. R.Civ.P. The purpose of Rule 11 is threefold. It serves to: 1) deter the filing of claims, defenses, or motions with no factual or legal basis, 2) expedite the administration and procedure of claims within the federal courts, and 3) to punish improper conduct of litigants and their representatives. *Cooter & Gell v. Hartmarx Corporation,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359, 374 (1990). Under Rule 11, every signature on a pleading certifies that the attorney has conducted reasonable inquiry to assure that the motion or pleading is well grounded in fact, and warranted by existing law or constitutes a good faith argument for a change in the existing law. It further signifies that the motion or pleading has not been filed in bad faith to harass the opponent, unnecessarily delay the proceedings, or unduly increase the cost of litigation. *Pierce v. Commercial Warehouse,* 142 F.R.D. 687 (M.D.Fla.1992). Once a motion, pleading or paper is signed in violation of this rule, the Court shall impose sanctions, upon motion or of its own will, upon the attorney who signed it, the client, or both. An appropriate sanction might include an order to pay opposing party or parties, the amount of reasonable expenses, including attorney's fee, incurred in responding to the motion, pleading or paper. *Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.,* 750 F.Supp. 487, 494 (M.D.Fla.1990).

■ Upon consideration, the Court finds the arguments of Defendants persuasive on this point. It is apparent that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is objectively frivolous, and is a meritless maneuver which attempts to gain some sort of foothold in the parallel litigation in California. Plaintiff and his counsel were aware of the existence of this parallel litigation, but they failed to disclose it to this Court before being granted an *ex parte* Temporary Restraining Order and subsequent Preliminary Injunction by this Court. Plaintiff also knew that Defendant possessed a one-quarter interest in the software in question, but Plaintiff and his counsel failed to apprise this Court of that material fact in their pleadings.

In the Court's view, the purposeful filing of this motion by Mr. Devereaux and his counsel, Mr. Handal, was an insubstantial attempt to influence the outcome of the pending parallel lawsuit in California. They only succeeded in distracting this Court's attention away from other important matters and

caused the Court to squander a considerable amount of time focusing on this frivolous motion. In light of the foregoing reasons, the Court is obligated by Rule 11 to sanction the conduct of Plaintiff and his counsel.

This Court finds that Plaintiff and his counsel shall pay the costs, including attorney's fees, incurred in the preparation of the motion to vacate preliminary injunction and responses to Plaintiff's motion for temporary restraining order and preliminary injunction, after Defendants establish the amount of costs expended by appropriate documentation. If the parties cannot agree on the appropriate amount of fees to be remitted, the matter may be submitted to the Court for resolution. Accordingly, for the reasons stated in this opinion, it is

**ORDERED** that the motion to vacate preliminary injunction be **granted** and the motion to impose sanctions be **granted.**

**DONE and ORDERED.**