Anthony J. BALLATO, Appellant,

v.

Anthony T. BALLATO, Claire
Ballato, Appellees.

No. 95–845–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 17, 1995.

Donald J. Schutz, Schutz & Schutz, St. Petersburg, FL, for Appellant.

Terrance F. Pyle, Terrance F. Pyle, P.A., Apollo Beach, FL, for Appellees.

### ORDER ON APPEAL OF ORDER GRANTING MOTION FOR SANCTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on an appeal from the Bankruptcy Court's Order granting Appellees' Motion for Sanctions, issued on April 7, 1995. Appellant Anthony J. Ballato claims that each *pro se* motion that he filed had the specific purpose of preserving his estate. He further states that each motion presented a legal and justifiable issue to the court, and therefore the imposition of sanctions under F.R.B.P. 9011 was improper.

### BACKGROUND

According to the Bankruptcy Court, Appellant originally filed a voluntary petition under Chapter 13 on October 11, 1989 which was subsequently converted to a Chapter 11. On March 26, 1991, the Chapter 11 case was converted to a Chapter 7 case and the court appointed a Trustee. The Trustee filed an Amended Motion to Compromise Controversy with Claimants Claire Ballato and Anthony T. Ballato, Appellees. The Compromise was intended to resolve all pending issues between the Trustee and Claimants under three separate law suits.

Appellant filed an objection to the Trustee's Amended Motion to Compromise, alleging, *inter alia*, that the Claimants' claims were fraudulent or otherwise invalid. On March 13, 1992, the Bankruptcy Court entered an Order Granting the Trustee's Amended Motion and Approving the Compromise. On the same date, the Bankruptcy Court also entered a separate Order overruling Appellant's Objection to the Compromise.

Subsequently, Appellant filed eight *pro se* motions directly attacking the Compromise. Appellant signed all of these motions on his own behalf, even though he had an attorney of record who also periodically filed papers on Appellant's behalf challenging the Trustee's Compromise with the Claimants. Appellant also filed other *pro se* motions which constituted collateral attacks on the Compromise. Such collateral attacks include challenges to the impartiality of the Trustee, and the Bankruptcy Judge who presided over the case. According to the Claimants, Appellant has filed a total of nineteen motions which either directly or collaterally attack the compromise. All of the motions, except two which were signed by his attorney of record, were signed by Appellant on his own behalf.

Appellees assert that all of the above *pro se* motions, as well as others, were attempts to undermine the Compromise, in that they are premised upon the allegedly fraudulent claims of Appellees. These are the facts upon which the Appellees contend that Appellant, in his individual capacity, violated F.R.B.P. 9011 and should be sanctioned.

### STANDARD OF APPELLATE REVIEW

This appellate court's standard of review of the Bankruptcy Court's Findings of Fact is clearly erroneous, while the standard of review of the issues of law is *de novo*. *In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir.1990). Furthermore, the burden is on the appellant to show that the Bankruptcy Court's Findings of Fact are clearly erroneous. *In re Fernandez*, 132 B.R. 775 (M.D.Fla.1991).

### DISCUSSION

Under F.R.B.P. 9011, all pleadings or documents served or filed in a case must be signed by either the attorney of record or by a party who is not represented by an attorney. F.R.B.P. 9011 further states that:

"The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in

the cost of litigation or administration of the case."

Simply, a party signing a pleading certifies that all claims set forth are legally warranted.

■ The appropriate review of a party's actions is measured on an objective standard. *In re Byrd, Inc.,* 927 F.2d 1135, 1137 (10th Cir.1991). This requires the court to look beyond the party's subjective intent and determine whether a reasonable person would have taken the same actions under the circumstances a party did in any particular case. *In re Malmen,* 140 B.R. 819, 824 (Bankr.M.D.Fla.1992).

In the present case, Appellant's first Motion objecting to the Compromise was based on allegations of fraud on behalf of the Appellees and was filed on January 3, 1991. Subsequently, the issue of fraud was settled when the Bankruptcy Court approved the Trustee's compromise with the Appellees and overruled Appellant's Objection to the Compromise, both of which were entered in March 1992. Appellant then signed and filed numerous motions following the entry of the Order, again raising the same decided issue of fraud.

The Bankruptcy Court found that Appellant offered no new information in his subsequent pleadings, and that the subsequent efforts to set aside the compromise were neither "warranted by existing law" nor by "a good faith argument for the extension, modification, or reversal of existing law." Appellant filed numerous pleadings attacking the compromise after it had become final, and therefore, his actions violate F.R.B.P. 9011.

■ To support his claim that all motions filed were legally warranted, Appellant examines the reasons for filing eight of the nineteen motions. Of the eight Motions that Appellant reviews, all revolve around the issue of fraud. A motion that attempts to re-litigate a decided issue or introduces nothing new is frivolous. *Nitram, Inc. v. Industrial Risk Insurers,* 149 F.R.D. 662, 663 (M.D.Fla. 1993); *MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 505 (9th Cir.1986). Further, F.R.B.P. 9011 is specifically designed to pro-

hibit the re-argument of issues already ruled upon by the Court. *In re Southern Industrial Banking Corp.,* 91 B.R. 463, 465 (Bankr. E.D.Tenn.1988). Appellant does not give valid reasons for modifying or changing law, nor does he provide new issues to the Court. Appellant attempts to validate his fraud claim against Appellees, an issue decided nearly three years ago. Appellant has signed each of the pleadings, certifying that all claims asserted are legally warranted. Appellant is attempting to re-litigate decided issues, and the signing of such frivolous pleadings violates F.R.B.P. 9011 since the rule was designed to prevent such action.

■ Once F.R.B.P. 9011 has been violated, sanctions are mandatory. *In re Zaragosa Properties,* 156 B.R. 310, 313 (Bankr. M.D.Fla.1993). Appropriate sanctions may include a reasonable amount of attorney's fees incurred for responding to the frivolous filings. *In re Morfeas Inn,* 158 B.R. 228, 229 (Bkrtcy.M.D.Fla.1993). The imposition of sanctions against the Debtor in his individual capacity in this case is appropriate since the Debtor has filed numerous pro se pleadings attempting to re-litigate an issue that had already been decided.

■ The Court having considered all the arguments of the parties is convinced that the Order imposing Sanctions issued by the Bankruptcy Court should be upheld. Appropriate sanctions in this case are reasonable attorney's fees, the amount of which are not determined at this time.

Accordingly, it is

**ORDERED** that Appellant's Appeal from the Order for Sanctions is **DENIED** and the holding of the Bankruptcy Court is **AFFIRMED.** The Clerk of Court shall enter a final judgment of dismissal of this case.

**DONE and ORDERED.**