WILLIAM A. MAURAN *et al. vs.* CROWN CARPET LINING COMPANY.

PROVIDENCE—NOVEMBER 13, 1901.

PRESENT : Tillinghast, Rogers, and Douglas, JJ.

(1) *Bankruptcy. Conflict of Laws. Receivers.*

The proceeding in the State court under Gen. Laws cap. 177, § 27, as amended by Pub. Laws cap. 655, passed at the January session, 1899, seeking the dissolution of a corporation and the appointment of a receiver, is practically a proceeding in insolvency. As such it must yield to the paramount authority of the national bankrupt act. Hence the trustee appointed in bankruptcy proceedings is entitled to the funds of the bankrupt in the hands of a receiver appointed by the State court.

The word *judgment* in the United States bankruptcy act, section 67, clause (f), providing that "all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien, shall be deemed wholly discharged and released

from the same and shall pass to the trustee  .  .  ," is sufficiently broad to apply to the judgment of this court in appointing a receiver of a corporation under Gen. Laws cap. 177, § 27, and the judgment is nullified and avoided by the adjudication of bankruptcy against the corporation.

PETITION for an order to compel a receiver of an insolvent corporation to turn over funds to the trustee in bankruptcy. The facts are fully stated in the opinion.  Heard and granted.

ROGERS, J.  This is an application by Mendell W. Crane, trustee in bankruptcy of the respondent corporation, for an order that John H. Flanagan, receiver of said corporation under an appointment by this court, be required to convey and deliver to the trustee in bankruptcy, the property and effects of said Crown Carpet Lining Co., now in his possession as such receiver.

The facts on which the application is based, are undisputed and are as follows :

June 1st, 1901, William J. Braitsch attached the personal property and effects of the respondent corporation for debt due him from it, and placed a keeper in charge thereof. June 14th, 1901, William A. Mauran and Suchet Mauran, minority stockholders in the Crown Carpet Lining Co., filed a petition in this court under the provisions of Gen. Laws cap. 177, § 27, as amended by chapter 655, passed at the January session, 1899, representing that the estate and effects of said corporation are being misapplied and are in danger of being wasted and lost, and praying that said corporation might be dissolved and a receiver of its estate and effects appointed.  On June 20, 1901, upon the consent of the then parties to said last mentioned petition, a decree was entered in this court appointing John H. Flanagan receiver of said corporation and authorizing and directing him as such receiver to convert all the estate and property of said corporation into cash by sale at public auction upon notice as prescribed in said decree, and to hold the proceeds of such sale, together with such other assets as might come into his hands, to await the further order of the court.  The receiver at once took possession of the property of said corporation, and

on June 21st, 1901, Braitsch, the attaching creditor, surrendered possession of the attached property to said Flanagan as receiver, and withdrew his keeper. On June 26, 1901, a creditor's petition in bankruptcy was filed in the United States District Court for the district of Rhode Island against said corporation, wherein on July 15, 1901, it was duly declared a bankrupt, and on July 26, 1901, the said Mendell W. Crane was elected as trustee in bankruptcy of said corporation and duly qualified as such. The sale by Flanagan, the receiver appointed by this court, ordered to be made as hereinbefore set forth, was postponed from time to time on order of this court, but finally after a stipulation was signed by all the parties in interest wherein it was set out that for the purpose of saving expense, it seemed best to the parties in interest that said estate and effects be sold without further adjournment, it was stipulated that said sale might be held on Friday, July 12, 1901, as advertised by John H. Flanagan, receiver, without further adjournment and that the rights of all parties should be the same as if said sale was adjourned from time to time until after adjudication upon the petition in bankruptcy then pending against said Crown Carpet Lining Co., and the election of a trustee in bankruptcy of the estate and effects of said corporation, which said trustee if and when so appointed should have the same right to claim the proceeds of sale and under and subject to the same conditions and none other that he would have had to claim the estate and effects of said corporation had said sale not taken place, and should in all respects have the same rights against the receiver as if said sale had not taken place. Said stipulation was approved by this court July 11, 1901, the sale was had and the receiver holds the proceeds thereof for the further order of this court.

Braitsch, the attaching creditor, as well as the petitioners for a dissolution of and a receiver for said corporation, oppose the granting of the application of the trustee in bankruptcy; and the sole question now before us is whether in the condition of affairs as above set forth, the trustee's application should be granted.

It is to be observed that, while the petition of the Maurans for the dissolution of and the appointment of a receiver for said corporation describes them only as stockholders, the agreed statement of facts in the case shows that they were also creditors of said corporation.

(1)  " The plenary and paramount power of congress to establish uniform laws on the subject of bankruptcies throughout the United States," says Hall, J., *In re Deposit and Savings Inst.*, Fed. Cases No. 12211, p. 141, " is given in express terms by the constitution of the United States. It is therefore very clear that when congress has exercised the power thus conferred their action must necessarily control or limit the exercise of the power of the states over the same subject matter; and that whenever any state legislation, or any action of the state courts, comes practically into actual conflict with the proper execution of the laws of congress, constitutionally passed under such grant of power, state legislation and the jurisdiction and action of the state courts must yield to the paramount authority of the national government."

The object and intent of the national bankrupt law is to place the administration of the affairs of insolvent persons and corporations exclusively under the jurisdiction of the federal courts sitting as courts of bankruptcy; and the enactment of the national bankrupt law now in force suspended all actions and proceedings under State insolvent laws not commenced before the passage of the national bankruptcy act, at least in all cases provided for by such bankruptcy act. *In re Merchants Ins. Co.*, Fed. Cases, No. 9441; United States Bankruptcy Act, § 70, last clause.

The proceeding in the State court against the Crown Carpet Lining Co., resulting in the appointment of a receiver, was practically an insolvency proceeding. Its object was to collect and distribute its property in *this* State, at least, among its creditors. It was commenced by stockholders and creditors because its estate was being misapplied and was in danger of being wasted. The decree appointing the receiver was assented to by said corporation, and while the petition

does not in terms allege insolvency, yet the cause alleged, the action taken, and the fact that in proceedings in involuntary bankruptcy filed twelve days after the preferring of the petition in the State court for a receiver, it was declared bankrupt by the United States Bankruptcy Court, all show that said corporation was insolvent, and that the proceeding in the State court was but an attempt to forestall action in the United States Bankruptcy Court, and, for some reason not known to the court, to have its affairs settled by the State tribunal.

The case *In re The Lengert Wagon Co.*, decided in the United States District Court for the southern district of New York, on October 9, 1901, 110 Fed. Rep. 927, seems to us to be analogous, if not, indeed, practically similar to the case at bar. That was a motion to compel a receiver appointed upon proceedings in a State court to turn over property of a bankrupt corporation. In that case certain judgments were entered against the Lengert Wagon Co. in the Supreme Court of New York, and thereunder, on September 20, 1901, property of the corporation was levied upon by the sheriff under executions issued on the judgments. Thereafter proceedings were instituted in the State court by the directors of the corporation for a voluntary dissolution thereof, on the ground of the insolvency of the corporation, and a temporary receiver of the property and effects of the corporation was appointed by an order of the court dated September 23, 1901. The receiver under this order did not obtain possession of the property from the sheriff, but it is contended that his title related back to the date of his appointment and he was entitled to the actual possession. September 25, 1901, involuntary proceedings against the corporation were commenced in the United States Bankruptcy Court. September 27, 1901, a receiver of the property of the bankrupt was appointed under section 2 (3) of the United States bankruptcy act, and an attempt was made by him to obtain possession of the property. This was resisted by the receiver and sheriff in the State court, and the receiver of the United States Bankruptcy Court then applied to the court appointing him

for an order specifically directing those officers to turn the property over to him. The contention of those opposing the motion was that as the State court obtained jurisdiction of the matter and possession of the property before the proceedings were instituted in the United States Bankruptcy Court, the possession could not be disturbed by process issuing from the last named court. "But," the court said, 3 N. B. N. 1004, "the proceeding in the state court is one incident of the insolvency of the corporation and it seems to be well settled that the bankruptcy act gives exclusive jurisdiction to the United States courts in such matters, where proceedings are properly instituted, and ousts the state courts of all jurisdiction with respect to the possession or distribution of insolvent estates." Citing, among other cases, *In re Smith*, 92 Fed. Rep. 135 ; *In re Independent Ins. Co.*, Case No. 7018, Fed. Cases.

Brandenburg, the author of *The Law of Bankruptcy*, in an annotation to the report of *In re Lengert Wagon Co.*, *supra*, says :—"That the authority of a receiver appointed by the Court of Bankruptcy is paramount and superior to that of a receiver of a state court after the institution of bankruptcy proceedings, there can be no question, though by reason of the comity existing between state and federal courts the latter will not exercise their authority until application is first made to the former and been refused."

The United States bankruptcy act, section 67, clause f, contains this provision: "That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate ; and thereupon the same may pass to

and shall be preserved by the trustee for the benefit of the estate, as aforesaid." It seems to us that the word *judg ment*, as used above, is sufficiently broad to apply to the judgment of this court in appointing the receiver of the Crown Carpet Lining Co., and that the adjudication of bankruptcy against said corporation nullified and avoided the judgment of this court and that the property held by the receiver must be turned over for administration under the bankruptcy proceedings.

The fund being actually in the possession of the State court the proper course of proceeding, in the words of Brown, J. of the United States District Court for the southern district of New York, *In re Lesser et al.*, 100 Fed. Rep. 433, 439, is that "the trustee should apply to that court to make the proper order for the payment thereof by its receiver to the trustee, in whom it is vested by the bankrupt act. The obligations of the bankrupt act are as binding upon that court as upon this ; and it is not to be doubted that on proper application the state court will give appropriate directions." See also *Ex parte Waddell*, Fed. Cas. No. 17,027 ; *In re Lengert Wagon Co.*, 3 N. B. N. 1004.

For the reasons above stated we are of the opinion that the application of the trustee in bankruptcy that the funds in the hands of the receiver appointed by this court be turned over to him, must be granted.

Decree accordingly.

*Harry C. Curtis*, for petitioner.
*Arthur W. Davis*, for respondents.
*Dexter B. Potter*, for attaching creditors.
*Frederick A. Jones*, for trustee in bankruptcy.
*Tillinghast & Tillinghast*, for certain creditors.