**In re BECK RUMBAUGH ASSOCIATES, INC.,**
**Debtor.**

**Bankruptcy No. 85–00917K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 5, 1985.

Edward Cohen, Philadelphia, Pa., for debtor.

Anthony Barone, Philadelphia, Pa., Trustee.

Edward J. DiDonato, Philadelphia, Pa., for trustee.

Fred Lowenschuss, Philadelphia, Pa., for Robert Rumbaugh.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

A creditor's motion to dismiss a Chapter 7 case is awaiting decision. The creditor avers three (3) grounds for dismissal under 11 U.S.C. § 707: (1) that the bankruptcy petition was filed without proper authorization from the directors and shareholders of the debtor-corporation; (2) that the corpo-

ration is not insolvent; (3) that the President of the debtor seeks to utilize the protection of the federal bankruptcy laws for his own improper purposes. Because we find against the movant on all three (3) grounds, we will deny the motion.

The facts are as follows: The debtor herein is Beck Rumbaugh Associates, Inc., a Pennsylvania corporation. Norman Beck ("Beck") is President of the corporation and holds a fifty-one percent (51%) interest in the corporation. Robert Rumbaugh ("movant") holds a forty-nine percent (49%) interest in the corporation and is a judgment creditor of the estate, having obtained a state court judgment against the corporation.

The debtor was in the business of representing manufacturers of office equipment and supplies. The debtor filed a petition under Chapter 7 of the Bankruptcy Code ("Code") on March 13, 1985, whereupon movant filed the instant motion to dismiss on March 18, 1985. A hearing on the motion was held on May 3, 1985.

In pertinent part, section 707 of the Code provides:

> (a) The court may dismiss a case under this chapter only after notice and a hearing *and only for cause*, including—
>> (1) unreasonable delay by the debtor that is prejudicial to creditors; or
>> (2) nonpayment of any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 707 (emphasis added).

The legislative history of this section explains that the causes enumerated in § 707(a)(1) and (2) are not exhaustive, but merely illustrative. *See In re Blackmon*, 3 B.R. 167, 169 (Bankr.S.D. Ohio 1980).

Movant argues that this case should be dismissed for three (3) reasons. First, movant contends that the petition was filed without proper authorization from the directors and/or shareholders of the corporation, without a proper meeting of the directors and/or shareholders, and without notice of such meeting to the directors and shareholders of the corporation. *Motion to dismiss, ¶ 2.*

■ It has long been held that the president of a corporation cannot, without authority or ratification of the board of directors, institute voluntary bankruptcy proceedings on behalf of the corporation. *In re Penny Saver, Inc.*, 15 B.R. 252, 253 (Bankr.E.D.Pa.1981); *In re Al-Wyn Food Distributors, Inc.*, 8 B.R. 42 (Bankr.M.D. Fla.1980). However, the party objecting to the filing of a bankruptcy petition, as any moving party in civil litigation, has the burden of proving its objections. *Penny Saver*, 15 B.R. at 254.

■ In the case at bench, the movant has not met his burden of proving that Beck acted without proper authorization in the filing of a Chapter 7 petition on behalf of the corporation. Attached to the petition is a corporate resolution which reads as follows:

> I hereby certify that a joint meeting of Directors and Stockholders of BECK RUMBAUGH ASSOCIATES, INC. was held at the offices of the corporation on Friday, March 8th, 1985, at 10:00 A.M. at which meeting the following Resolution was adopted:
>
> RESOLVED, that the President of BECK RUMBAUGH ASSOCIATES, INC. is hereby authorized and directed to file on behalf of the corporation a Petition for Relief under Chapter [sic] of the Bankruptcy Code and that said officer is further authorized to execute any and all documents necessary to effectuate said filing.
>
> Signed
>
> _____
> Norman H. Beck, Jr.
> President

Movant, in support of his allegation that the petition was filed improperly, asserts that he received no notice of the March 8th meeting, although he was entitled to notice as a forty-nine percent (49%) shareholder.

The issue of whether movant was entitled to notice of the meeting or was entitled to attend such meeting is secondary to the issue at hand, which is, whether Beck, as President, obtained the necessary authorization from the directors of the corporation

to file the bankruptcy petition. As *Penny Saver* indicates, the board of directors must ratify or authorize the filing of a petition. There is no requirement that the shareholders of the corporation also ratify the filing.

In this case, movant does not dispute the fact that Beck is a director of the corporation and the majority shareholder. There is no evidence in the record that there are other directors of the corporation in addition to Beck. Therefore, with Beck in complete control of the corporation as President and sole director, it appears that the signing of the corporation resolution was merely a perfunctory act. Movant's presence at the March 8th meeting would not have affected the outcome. Even if movant is a director of the corporation, which has not been alleged, it seems unlikely that he would have been able to overcome Beck's interest as a majority shareholder.

Perhaps movant could have made a more persuasive argument if he had attempted to show that the corporation's articles of incorporation or by-laws were violated. However, he introduced no evidence to this effect. Therefore, in the absence of proof that Beck's attendance at the March 8th meeting could have altered Beck's decision to place the corporation in bankruptcy, we will accept the resolution attached to the petition as evidence that the petition was properly authorized by the board of directors of the corporation.

The movant's second argument in favor of dismissal of this case must also be rejected. Movant contends that the bankruptcy petition was improperly filed because the corporation is not insolvent.

■ The solvency of the debtor is not "cause" for dismissal of a Chapter 7 case. The legislative history of section 707 makes this clear:

> The section [Section 707] does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13 in lieu of the remedy of bankruptcy. The Committee has rejected that alternative in the past, and there has not been presented any convincing reason for its enactment in this bill.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6336.

Finally, movant argues that the case was filed by Beck for improper purposes. The averment in the motion states that:

> "the filing ... is nothing but an improper ploy to defraud ROBERT RUMBAUGH and the CORPORATION, by attempting to stay litigation being prosecuted by ROBERT RUMBAUGH on behalf of the CORPORATION against NORMAN H. BECK, JR. and others, and by attempting to 'cover-up' or legitimize the fraudulent diversion of corporate· assets to NORMAN H. BECK, JR. and his wife, JOAN W. BECK, a/k/a JOAN WILLIAMS."

*Motion to Dismiss,* ¶ 4.

In paragraphs 5 through 40 of the motion, movant alleges various improprieties and irregularities in the management of the corporation by Beck, including diversion of corporate funds for Beck's personal use. Movant seeks to have the case dismissed so that he can proceed with litigation pending against Beck and the corporation.

Even if movant's allegations against Beck are true, movant still has not presented the Court with cause to dismiss the complaint. This is not a Chapter 11 case where current management will continue to operate the corporation as debtor-in-possession. A Trustee was appointed in this Chapter 7 case on March 13, 1985.

Pursuant to § 704 of the Code, the Trustee is obligated to perform certain duties, such as the collection of property of the estate, and the investigation of the financial affairs of the debtors. 11 U.S.C. § 704. If the Trustee finds that certain transactions involving the property of the estate appear to have been improper, he can challenge those transactions under §§ 547 and 548 of the Code. He can also request turnover of property of the estate

under § 542 of the Code, and institute lawsuits against third parties, including officers of the corporation, under § 323(b). In conclusion, we fail to see how creditors of this estate would benefit from dismissal of this case. The Trustee has significant powers and responsibilities for the exact purpose of investigating all of the improprieties alleged by movant.

Lastly, movant argues for dismissal because Beck will benefit personally by the automatic stay imposed under § 362(a) when a bankruptcy petition is filed. That section stays all collection activities against the debtor or property of the debtor, including litigation pending at the time of the filing of the petition. Movant states that there is litigation pending in the United States District Court for the Eastern District of Pennsylvania and in the Superior Court of New Jersey for Essex County and that both Beck and the debtor corporation are defendants in those suits. While it is true that any action in which the debtor is a named defendant is stayed by the bankruptcy filing, the automatic stay should not affect movant's rights to proceed against Beck personally either with pending litigation or with judgments already obtained.

With respect to those suits where the debtor is a defendant, movant has several options available to him. He may seek to have those actions removed to this Court, he may seek relief from the stay in order to proceed in the selected forums, or he may choose to institute adversary proceedings in this Court which assert the same causes of action.

For all of the above reasons, we find that Robert Rumbaugh, movant, has not met his burden of proving that this case should be dismissed. An appropriate order follows denying the motion.