**In re S & S LIQUOR MART, INC., Debtor.**

**Bankruptcy No. 8500270.**

United States Bankruptcy Court, D. Rhode Island.

Aug. 9, 1985.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

After hearing on June 4, 1985, a brief order [1] was entered without formal findings and conclusions, denying the motion of Frank S. Cappuccio, Esq., one of the state court co-receivers of S & S Liquor Mart, Inc., to dismiss the voluntary petition for reorganization filed with this Court on May 2, 1985 by S & S Liquor Mart, Inc. Because our June 4 order has been appealed to the District Court, we briefly summarize the evidence, together with our findings of fact and conclusions of law, pursuant to Bankruptcy Rules 7052 and 9014, and Fed. R.Civ.P. 52.

---

**1.** Because this is a "liquidating" Chapter 11 case, with prospective purchasers interested in the summer season, an answer was required in less time than it takes us to reduce our reasons to writing.

The principal basis for Mr. Cappuccio's motion is that Matthew Serra lacked authority to file a Chapter 11 petition on behalf of S & S Liquor Mart while that corporation was in a state court receivership proceeding. It was his initial contention that "as far as doing anything in the courts, *only the co-receivers of the state of Rhode Island* could file this so-called petition. Even the board of directors, if there is one, or the shareholders, could not file this petition as representing the corporation and the debtors." Memorandum of Frank S. Cappuccio, p. 5. Later, he added: (1) that Serra does not own stock in the debtor corporation and, (2) that Serra lacked authority to cause a Chapter 11 petition to be filed because a valid board of directors meeting was never held. None of the movant's arguments contain any merit.

The evidence is not conflicting, and we have been presented with no difficult questions of law or fact. Matthew Serra testified that John Lallo, Esq., has possession of the corporate records, including stock certificates totaling fifty-one shares in Serra's name, which he is holding as "encouragement" for payment of attorney's fees which Serra owes him. Serra admits owing some money, but denied that the stock was or ever had been pledged to Lallo. Lallo was not called as a witness, although the hearing was continued once on Mr. Cappuccio's representation that Lallo's testimony was important to his case. The co-receiver's failure to offer any evidence in support of what have proved to be irresponsible and inaccurate allegations that the shares were pledged, together with the undisputed documentary evidence that the certificates in question are in Serra's name and not endorsed, require us to conclude that Matthew J. Serra is the owner of the stock held by Lallo. As for the forty-nine shares still in the name of Barbara Serra, these were ordered to be transferred to Matthew Serra by a final decree of divorce entered by the Rhode Island Family Court, Goldberg, J., on September 9, 1983. Debtor's Exhibit # 2. Barbara Serra acknowledges this, and supports the debtor's contention and our conclusion that Matthew Serra is the owner of the stock in his former wife's name. Serra also testified that he signed the petition "Matthew J. Serra, Jr., President" as authorized by a resolution executed pursuant to an April 29 board of directors meeting. His testimony that he owns all of the issued and outstanding stock and is the sole officer and member of the board of directors of S & S Liquor Mart is uncontradicted, and is supported by all of the documentary evidence. We are satisfied that Serra is indeed the owner of all of the stock and is the sole officer and only member of the board of directors of the debtor corporation. In short, all of the factual issues are resolved in favor of the debtor.

■ With respect to the movant's legal arguments, it is fundamental that a state court receivership proceeding may not operate to deny a corporate debtor access to the federal bankruptcy courts, *see In re Cash Currency Exchange, Inc.*, 762 F.2d 542, 3 Bankr.L.Rep. (CCH) ¶ 70,561 (7th Cir.1985); *Jordan v. Independent Energy Corporation*, 446 F.Supp. 516 (N.D.Tex. 1978); *see also In re Yaryan Naval Stores Co.*, 214 F. 563 (6th Cir.1914), and it has been held that an order in a state court receivership specifically restraining the debtor corporation, its stockholders, officers, and directors from instituting federal reorganization proceedings is an unconstitutional deprivation of the right to bankruptcy relief. *In re Mt. Forest Fur Farms of America, Inc.*, 103 F.2d 69, 71 (6th Cir.), *cert. denied*, 308 U.S. 583, 60 S.Ct. 105, 84 L.Ed. 488 (1939); *accord In re Donaldson Ford, Inc.*, 19 B.R. 425 (Bankr.N.D.Ohio 1982). The Rhode Island Supreme Court recognized the principle of federal supremacy and the grant of bankruptcy jurisdiction exclusively to the federal courts as early as 1901 in *Mauran v. Crown Carpet Lining Co.*, 23 R.I. 324, 50 A. 331 (1901), which held that a state court receivership proceeding terminated upon the filing of a bankruptcy petition in the federal court. *See also Leonard Levin Co. v. Star Jewelry Co.*, 54 R.I. 465, 175 A. 651 (1934). The same is true today.

With .regard to who may file a petition on behalf of such a corporation, the authority to file a bankruptcy petition is in the board of directors, which may authorize the action through the corporate officers. *In re Beck Rumbaugh Assoc., Inc.*, 49 B.R. 920, 921 (Bankr.E.D.Pa.1985); *In re Greater Atlanta Apartment Hunter's Guide*, 40 B.R. 29 (Bankr.N.D.Ga.1984); *In re Donaldson Ford, supra.* With Serra in complete control of the corporation as its president, sole shareholder and director, his execution of the resolution authorizing the Chapter 11 filing is sufficient and proper. *See In re Beck Rumbaugh Assoc., Inc., supra; Matter of Greater Atlanta Apartment Hunter's Guide, supra.*

Based upon the entire record, and in particular on the legal and factual matters discussed above, we make the following findings of fact and conclusions of law:

1. Matthew J. Serra, Jr. is the 100% shareholder, sole officer, and only director of S & S Liquor Mart, Inc.—in other words, S & S Liquor Mart is a one person corporation.

2. Authority to file a petition for reorganization on behalf of this corporation was vested in the board of directors, which properly authorized the action through its sole officer, Matthew Serra.

3. The pendency of the state court receivership proceeding could not and did not preclude S & S Liquor Mart, Inc. from seeking relief in the federal bankruptcy court.

4. On April 29, 1985, pursuant to a resolution of the board of directors, Matthew Serra, as president of S & S Liquor Mart, Inc., had authority to file a Chapter 11 petition in the United States Bankruptcy Court for the District of Rhode Island.

5. On May 2, 1985 a Chapter 11 petition for reorganization was filed with this Court on behalf of S & S Liquor Mart, Inc.

6. The party objecting to the filing of a bankruptcy petition, as any moving party in civil litigation, has the burden of proving its allegations, *In re Penny Saver, Inc.*, 15 B.R. 252, 254 (Bankr.E.D.Pa.1981), and the movant has failed to demonstrate that Matthew Serra was not authorized to file the instant Chapter 11 petition on behalf of the debtor corporation, or that the debtor was precluded, because of the state court receivership proceedings, from seeking relief in the Bankruptcy Court.

For the state court receiver to have made such a groundless and time consuming fuss over matters that seldom touched upon the merits or the issues before us, has been and continues to be oppressive and burdensome to the estate and its creditors. The movant's arguments consist almost entirely of innuendo and accusations of improper conduct on the part of the trustee and debtor's counsel, and the amount of in chambers and court time consumed by Mr. Cappuccio's rhetoric is inexcusable. Fed.R. Civ.P. 54(d), and 28 U.S.C. § 1927, authorizes compensation for attorneys' fees from any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously...." Although this situation calls for sanctions, we decline to make such an order after the filing of an appeal, but suggest that the subject not be overlooked if the movant's performance on appeal has no more merit than at the Bankruptcy Court level. *See Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468, 472 (1st Cir.1985); *see also In re Emergency Beacon Corp.*, 27 B.R. 757 (Bankr.S.D.N.Y. 1983); *In re D.H. Overmyer Telecasting Co., Inc.*, 23 B.R. 823 (Bankr.N.D.Ohio 1982).

Finally, and while it is no justification for Mr. Cappuccio's previously described conduct, the failure of debtor's counsel and the other state court co-receiver to notify him of their request for a conference regarding the appointment of a Chapter 11 trustee [2] is the reason for much of the leeway which the Court felt compelled to allow Mr. Cappuccio, and furnished him with a tailor-

---

2. The omission is especially significant in light of our specific request, preliminary to any discussion at the conference, whether there was anybody else who would be interested to be in attendance.

made "red herring" which he has exploited to the hilt. This was a serious error in judgment by Messrs. Geremia and Shine, and is something that we do our best to discourage in the future.

In any event, the motion to dismiss, which is devoid of merit, is denied.