### In re ZARAGOSA PROPERTIES, INC., Debtor.

### Bankruptcy No. 92–9604–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 4, 1993.

Jeremy E. Gluckman, Tampa, FL, for Angela Cudlipp and Cudlipp Const. and Development Co.

Benjamin E. Lambers, Tampa, FL, for Asst. U.S. Trustee.

Larry M. Foyle, Tampa, FL, for debtor.

Domenic L. Massari, III, Tampa, FL, for Albert Ballard.

### ORDER ON MOTION TO IMPOSE SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed Chapter 11 case and the matter under consideration is a Motion for the Imposition of Sanctions pursuant to F.R.B.P. 9011 filed by Angela S. Cudlipp and Cudlipp Construction Development Company (Cudlipps) against Albert Ballard (Ballard). The procedural background of the Motion under consideration is as follows:

On December 29, 1992, this Court entered an Order and dismissed the Chapter 11 case. The Order expressly reserved jurisdiction to consider any request for imposition of sanctions upon Ballard if one was filed. Shortly thereafter, the Cudlipps filed a Motion to Dismiss, coupled with a Motion for Imposition of Sanctions. In the Order dismissing the Chapter 11 case, this Court made certain specific findings, dismissed the case, and denied the Cudlipps' Motion to Dismiss on the grounds that the Chapter 11 case had already been dismissed and, therefore, the Motion was moot. However, the Order further provided that it was appropriate to consider the alternative relief, the request to impose sanctions pursuant to F.R.B.P. 9011 on Ballard. This is the Motion currently under consideration before the Court. The facts relevant to the resolution of the Motion to Impose Sanctions as appear from the record are as follows:

Zaragosa Properties, Inc. (Debtor) is a corporation organized pursuant to the laws of the Republic of Panama. It was incorporated on June 18, 1987. According to Article VIII of the Articles of Incorporation (Movant's Exh. # 1), the Board of Directors consists of three members, Esteban Bernal (Bernal), Adolfo Sauri (Sauri), and Luis Alberto Rodriguez (Rodriguez), all citizens of the Republic of Panama. The Application for Authorization to Transact Business in Florida, dated February 4, 1992, named Bernal, Sauri and Rodriguez as the officers of the Debtor. According to the Certificate of Incorporation filed in the public registry (pursuant to Petition # 8 dated February 17, 1991), the Republic of Panama also identified Bernal, Sauri and Rodriguez as the directors of the Debtor. (Movant's composite Exh. # 1). The Articles of Incorporation of the Debtor provide for the issuance of 500 authorized shares with par value. It appears that initially, one Steve Jorgensen was issued 40% of the authorized shares and Albert and Karen

Ballard 60%. The shares issued were bearer shares, and thus, it is impossible to determine who had possession of any of the stocks issued by the Debtor at any given period of time. It appears that one Mrs. Henderson, a resident of the Bahamas and a principal of New Providence Trust Corp., now claims to be the owner of the majority of the stock issued by the Debtor. There is no question and this record leaves no doubt that Mrs. Henderson was never a member of the Board of Directors and was never an officer of the Debtor. Notwithstanding, it appears that Ballard received all his instructions from Mrs. Henderson.

The record further reveals that on August 22, 1989, the Board of Directors of the Debtor met in Panama and passed a resolution to authorize Ballard "to sign correspondence and similar documents for and on behalf of this corporation relating to its ordinary course of business in the City of Tampa, Florida."

A voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code was filed on behalf of the Debtor on February 20, 1992. The Petition was signed by Ballard who certified by his signature that the filing of the Petition on behalf of the Debtor was authorized. However, when identifying his capacity, he merely signed above the line on the pre-printed form which reads "signature of an authorized individual." Shortly thereafter, this Court entered its Order dismissing the Chapter 11 case, in which the Court made the finding that Ballard was not an officer of the Debtor and had no authority to file the Petition.

It further appears that after commencement of the Chapter 11 case, a special meeting of the Board of Directors was called to be held in Utah on September 29, 1992, for the purpose of ratifying the actions of Ballard on behalf of the Debtor, specifically the filing of the Petition for Relief under Chapter 11 of the Bankruptcy Code. The Notice was accompanied by a Waiver of Notice of the special meeting which was signed by Ballard as President, Karen Ballard as Secretary and David Montgomery as Vice President and Treasurer. The Notice was dated September 29, 1992, the same day the meeting was held. According to Ballard, the Board of Directors, Bernal, Sauri and Rodriguez, passed a resolution ratifying all actions taken by Ballard, and authorized Ballard to take any actions on behalf of the Debtor, "necessary in the ordinary course of the Debtor's business in the City of Tampa, Florida." In addition, the Board also ratified the filing of the Petition for Relief as a proper and appropriate act on behalf of the Debtor.

The Affidavit of Eduardo de Alba, dated February 9, 1993, totally contradicts Ballard's testimony (Movant's Exh. # 2). De Alba, in his affidavit, states that the law firm of Arias, Fabrega & Fabrega organized the Debtor corporation on June 25, 1987; became its Registered Agent acted in that capacity until September 21, 1992, when the firm resigned and ceased acting as the Registered Agent. A letter dated September 21, 1992, attached to the Affidavit of de Alba as an Exhibit, states that the facts stated are true and correct and certifies that neither Mr. de Alba, nor his firm, nor the Board of Directors or any officers of the Debtor ever authorized Ballard to file a Petition for Relief on behalf of the Debtor.

On February 8, 1993, Bernal, Rodriguez and Sauri appeared before Hernan Garcia Aparicio, First Notary of the Republic of Panama, and stated under oath that during the time they served as Directors and Officers of the Debtor they never authorized or appointed anyone to file a Petition seeking protection under the Bankruptcy Code of the United States of America; that during the period they served as Directors and Officers, they did not grant any proxy, as directors in favor of third parties, nor did they authorize any person to represent them in the Board of Directors of the Debtor. (Movant's Exh. # 3).

These are the salient facts on which the Cudlipps rely in support of their Motion to Impose Sanctions on Ballard for violation of F.R.B.P. 9011 which provides:

## Rule 9011: SIGNING AND VERIFICATION OF PAPERS

Every petition, pleading, motion and other paper ... filed in a case ... shall be signed by at least one attorney of record in the attorney's individual name ... the signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of [his] knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose ...

■ If the Rule is violated, there is no question that the imposition of sanction is mandated by Rule 9011. First, it must be determined whether or not Ballard, in fact, had authority to file a Chapter 11 Petition on behalf of the Debtor and second, whether his defense that he reasonably relied on his authority based on the power of attorney and the instructions given to him by Mrs. Henderson are acceptable defenses.

■ It is true as a general proposition that the initial burden of proof is on the party objecting to the capacity to file a Petition for Relief under the Bankruptcy Code on behalf of an entity, specifically a voluntary or involuntary petition, to establish a lack of capacity to file, *In re I.D. Craig Service Corp.*, 118 B.R. 335 (Bankr. W.D.Pa.1990); *In re Stavola/Manson Electric Co., Inc.*, 94 B.R. 21 (Bankr. D.Conn.1988); *In re Beck Rumgaugh Associates, Inc.*, 49 B.R. 920 (Bankr.E.D.Pa. 1985); *In re Penny Saver, Inc.*, 15 B.R. 252 (Bankr.E.D.Pa.1981).

■ It is equally true that once the objecting parties made a prima facie case, the burden shifts and the ultimate burden of persuasion is on the party who signed the Petition—establishing that under the applicable law he or she had the capacity to sign a Voluntary Petition on behalf of an entity under Title 11 of the U.S.Code. From all of these it follows that the initial presumption, albeit a weak one, may be overcome where the record clearly indicates that the party who signed the Petition was not an officer, director or shareholder of the corporation at the time the Petition was signed. In the instant case, it is without dispute that Ballard was not an officer or director of the Debtor when he signed the Petition. The Power of Attorney (Ballard's Exh. # 1) granted to him by the Board certainly did not include authorization to file a Petition for Relief under Chapter 11, but merely authorized him to take actions necessary in the ordinary course of the corporation's business in Tampa. Certainly, filing a Petition for Relief under Title 11 is not the ordinary course of anyone's business.

This record leaves no doubt that Ballard had no authority to sign the Petition for Relief when he signed it, notwithstanding, he certified by his signature that the information in the Petition was true and correct, i.e. that the filing of the Petition on behalf of the Debtor had been authorized. The affirmative statement that the Petition was authorized was clearly without factual support and it was not true. Thus, Ballard, by signing the Petition, clearly violated F.R.B.P. 9011.

■ Counsel for Ballard contends that while it is true that Ballard was not an officer or director of the corporation on the date of commencement, six months later at a special meeting held in Utah, the action of Ballard was ratified.

While it is true that ratification of an otherwise unauthorized action may retroactively authorize initially unauthorized action, this is only true in the context of the general corporate law and clearly not applicable in the context of bankruptcy. This is so because post-action ratification can not cleanse the initial impropriety of the Act, in this instance the certification of authority by Ballard when he signed the Petition. Whether or not Ballard acted in good faith and relied on the instructions from Mrs. Henderson is not an acceptable excuse, inasmuch as an "empty head, but pure heart" is not a recognized valid defense. *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir. 1986) *cert. denied*, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

It is clear from this record that Ballard had no authority, and knew he had no

authority, to file a Petition for Relief on behalf of the Debtor. This being the case he clearly violated 9011, and the imposition of sanctions is mandated.

This leaves for consideration the amount of sanctions to be imposed upon Ballard. Inasmuch as this record is devoid of any evidence upon which this Court could establish an amount, it is appropriate to schedule an additional hearing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for the Imposition of Sanctions is hereby granted. Sanctions are hereby imposed upon Albert Ballard. A final evidentiary hearing shall be scheduled before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on July 7, 1993 at 4:00 pm (1 hour) to consider the appropriate amount of sanctions to be imposed upon Albert Ballard.