In re Anthony J. BALLATO, Debtor.

Bankruptcy No. 89–7338 8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 7, 1995.

Donald Schutz, Saint Petersburg, FL, for debtor.

Terry E. Smith, Chapter 7 Trustee, Tampa, FL.

Dennis J. Levine, Tampa, FL, for trustee.

Sara Kistler, Asst. U.S. Trustee, Tampa, FL.

Angelo Marino, New York City, for FDIC, as receiver for American Bank and Trust.

Anthony Conforti, Hauppauge, pro se.

Terrence F. Pyle, Apollo Beach, FL, for Anthony and Claire Ballato, Jr.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is a Motion for Sanctions filed by Claire Ballato and Anthony T. Ballato (Claimants). In their Motion, the Claimants seek the imposition of sanctions against the Debtor, Anthony J. Ballato, (Debtor), pursuant to F.R.B.P. 9011. The Claimants essentially assert that the Debtor violated F.R.B.P. 9011 by filing repeated Motions challenging a compromise entered into between the Chapter 7 Trustee and the Claimants. Claimants contend that these repeated challenges were without merit and that the Debtor continued to assert his objections long after the matter had been considered and decided by the Court. In response, the Debtor contends that his actions were necessary in order to preserve the assets of the Chapter 7 estate.

The relevant portion of the record reveals that the Debtor filed his voluntary Petition under Chapter 13 on October 11, 1989. While the Chapter 13 case was pending, Claimant Claire Ballato, the former wife of the Debtor, filed a Proof of Claim in the case (Claim # 3) in the amount of $1,979,232.00. This Claim was based on a judgment granted in her favor in 1974 for alimony and child support, and damages on various contract and tort claims. Claimant Anthony T. Ballato, the son of the Debtor, filed two proofs of claim in the case. Claim # 4 was filed in the amount of $2,000,000.00, and Claim No. 5 was filed in an unliquidated amount. Both claims were also based upon various contract and tort claims. The Chapter 13 case subsequently converted to a Chapter 11. While the Chapter 11 case was pending, the Debtor filed adversary proceedings styled as follows:

(1) Anthony J. Ballato v. Chimeinet Finance Limited, Anthony Ballato, Jr. and Claire Ballato—Adv. No. 90–134;

(2) Anthony J. Ballato v. Claire Ballato, Anthony T. Ballato and Peter Panaro—Adv. No. 90–318;

(3) Anthony J. Ballato v. Marvin Rosenthal and Anthony T. Ballato—Adv. No. 90–335.

Litigation among the parties was also pending in State Court in New York.

On March 26, 1991, the Chapter 11 case was converted to a Chapter 7 case and Terry Smith (Smith) was appointed as the Chapter 7 Trustee. Smith was duly substituted as the Plaintiff in the adversary proceedings described above. On December 11, 1991, Smith filed his Amended Motion to Compromise Controversy with Claimants Claire Ballato and Anthony T. Ballato. Pursuant to the terms of the proposed compromise: (1) Claimants would pay the estate the sum of $7,500.00; (2) Claimants would withdraw their claims and assert no further claims against the Chapter 7 estate; and (3) the Trustee would release any claims that he had against the Claimants. The Compromise apparently was intended to resolve all pending issues between the Trustee and the Claimants. On January 3, 1991, the Debtor filed a written objection to the Trustee's Amended Motion to Compromise. Although this Objection is fairly extensive, the Debtor essentially alleged that the Claimants' claims were

fraudulent or otherwise invalid, that the Debtor in fact had substantial claims against the Claimants, and that the Compromise therefore was not in the best interest of the estate because it forfeits a valuable right in exchange for a relatively minimal sum.

On March 13, 1992, the Court entered an Order Granting the Trustee's Amended Motion and Approving the Compromise (the Order). On the same date, the Court also entered a separate Order Overruling the Debtor's Objection to the Compromise.

Subsequent to the entry of the Order, the Debtor has filed at least the following written challenges to the compromise:

(1) Motion for Rehearing or Reconsideration of the Order, which was denied ex parte by an Order entered on June 10, 1992.

(2) Objection dated November 23, 1992, to the Motion for Approval of the Stipulation of Settlement between Smith and the Claimants. The Motion to Approve the Stipulation apparently was filed to effectuate the consummation of the compromise and was approved on April 14, 1993.

(3) Motion for Relief from Order Granting Amended Motion to Compromise Controversy filed on December 14, 1992, nine months after the Order was entered. This Motion is based on the allegation that the Claimants' claims were fraudulent and that the fraud was not disclosed to the Court before the compromise was approved.

(4) Amended Motion for Relief from Order Granting Amended Motion to Compromise Controversy filed on December 23, 1992. This Motion was denied on January 26, 1993.

(5) Notice of Appeal from the Order Denying the Amended Motion for Relief from Order, filed on February 4, 1993. This appeal was later dismissed for lack of prosecution.

(6) Debtor's Motion for Temporary Stay on Delivery of Deed to Claire Ballato Pending Hearing to Annul Stipulation Settlement filed on March 11, 1994. This Motion essentially requests that consummation of the compromise be stayed until the Debtor has an opportunity to prove that the Claimants' claims are the product of fraud and conspiracy. The Motion was denied on March 21, 1994, without prejudice to the Debtor's right to file an adversary proceeding.

(7) Debtor's Motion for Relief from Judgment or Order and to Annul or Dismiss Stipulation of Settlement and Agreement between Terry Smith, Trustee and Claire Ballato and Anthony T. Ballato and to Dismiss Claims Numbered 3, 4 and 5 of Claire Ballato and Anthony T. Ballato filed on March 28, 1994. The focus of his Motion again is that the Claimants' claims are fraudulent or otherwise invalid. The Motion was denied on April 5, 1994.

(8) Debtor's Motion to Reconsider and Annul Order Granting Amended Motion to Compromise filed on September 12, 1994, 18 months after the Order was entered. This Motion seeks relief from the Order approving the compromise on the grounds of "fraud, misrepresentation or other misconduct" of the Claimants. The Motion was denied on October 31, 1994.

It should be noted that all of the pleadings described above were signed by the Debtor in his own behalf, even though he had an attorney of record who also periodically filed papers on his behalf challenging the Trustee's compromise with the Claimants. On October 7, 1993, for example, a Motion to Correct Order and Stay the Conveyance of Deed to Claire Ballato was signed and filed by Donald J. Shutz, Esq. as attorney for the Debtor. An Amended Motion was filed on October 25, 1993. These Motions mirrored a similar Motion signed by the Debtor, individually, and filed on September 16, 1993. The Motions were denied on December 22, 1993.

Finally, it should be noted that the pleadings described above represent only the direct attacks on the Compromise that have been asserted by the Debtor. The Claimants assert that other indirect attacks have also been made in the form of challenges to the impartiality of the Chapter 7 Trustee and the Bankruptcy Judge who had presided over the case. These challenges include:

(1) Motion for Sanctions and Removal of Trustee filed on December 14, 1992;

(2) Motion to Disqualify Justice Thomas E. Baynes, Jr. and for Temporary Stay of All Proceedings filed on January 22, 1993;

(3) Motion for Reconsideration of the Order Denying the Motion to Disqualify filed on February 18, 1993;

(4) Motion to Remove all Civil Actions Pending in the Bankruptcy Court to the U.S. District Court filed on January 22, 1993.

Claimants contend that these, as well as other motions, are merely disguised attempts to unravel their compromise with the Trustee, in that they are premised upon the allegedly fraudulent claims of the Claimants and their treatment in the Bankruptcy case. Again, all of the Motions were signed by the Debtor on his own behalf. Basically, these are the relevant facts upon which the claimants contend that the Debtor violated F.R.B.P. 9011 and should therefore be sanctioned.

### F.R.B.P. 9011

F.R.B.P. 9011 provides that every pleading, motion and other paper filed in a case must be signed by at least one attorney of record if the party is represented by an attorney, and that a party who is not represented by an attorney shall sign all papers in his own behalf. The Rule further provides:

> The signature of an attorney or party constitutes a certificate that an attorney or party has read the document; that to the best of the attorney's or party's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.

It is generally held that a party's conduct under Rule 9011 must be measured on an objective standard, or what is reasonable under the circumstances, rather than the party's subjective state of mind. *In re Byrd, Inc.*, 927 F.2d 1135 (10th Cir.1991). It is also generally established that only those claims without any factual or legal basis whatsoever

are sanctionable. *Davis v. Carl*, 906 F.2d 533 (11th Cir.1990).

In this case, the Claimants contend that the Debtor violated Rule 9011 by filing repeated Motions continually raising the issue of the Claimants' allegedly fraudulent claims, an issue that was resolved by virtue of the Court's Order approving the Trustee's compromise with the Claimants that was entered on March 13, 1992. According to the Claimants, the Debtor nevertheless signed and filed in excess of 19 Motions during the 2½ years following the entry of the Order, each time raising the same decided issue.

As set forth above, a party's signature constitutes a certification under F.R.B.P. 9011 that he has made a reasonable inquiry and believes that the information contained in the document that he signed is "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Motions for reconsideration or similar motions which simply seek to relitigate old issues are unwarranted or without merit as a matter of law. *In re Greco*, 113 B.R. 658, 666 (D.Hawaii 1990). F.R.B.P. 9011 is specifically designed to prohibit the attempted re-argument of issues already ruled upon by the Court. *In re Southern Indus. Banking Corp.*, 91 B.R. 463, 465 (Bkrtcy.E.D.Tenn.1988). Further, collateral attacks on final orders of a court have no basis in the law within the meaning of F.R.B.P. 9011. *See In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir.1991).

Based on the foregoing, this Court is satisfied that the Debtor violated Rule 9011 by signing pleadings or other papers attacking the Chapter 7 Trustee's compromise with the Claimants long after the Order approving the compromise had become final. No new information was offered in the subsequent pleadings. Consequently, regardless of whether the earlier, timely challenges to the compromise may have been legally warranted, the Order approving the compromise became final after the Debtor's Motions for Reconsideration were denied and no timely appeal was prosecuted. All of the Debtor's subsequent efforts to set aside the compromise were warranted neither by existing law

nor by a good faith argument for modification of the law and therefore violated F.R.B.P. 9011.

■ Once it is determined that a violation of Rule 9011 has occurred, the imposition of sanctions is mandatory. *In re Zaragosa Properties, Inc.*, 156 B.R. 310 (Bkrtcy. M.D.Fla.1993). In this case, the Claimants have requested an award in the amount of their attorney's fees that were incurred as a result of the Debtor's groundless motions. Since no calculation of such fees has been provided, Claimants shall have 20 days within which to file with this Court a detailed statement of the fees requested, and shall serve a copy of the statement on the Debtor. The Debtor shall then have 10 days from the date of service to file and serve any written objections to the statement that are appropriate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions filed by Claire Ballato and Anthony T. Ballato is hereby granted, and the Debtor is hereby determined to have violated F.R.B.P. 9011. It is further

ORDERED, ADJUDGED AND DECREED that Claire Ballato and Anthony T. Ballato shall have 20 days from the date of this Order within which to file with this Court a detailed statement of the fees requested and to serve the statement upon the Debtor. The Debtor shall have 10 days from the date of service of the statement within which to file and serve any written objections to the statement. Upon receipt of these documents, the Court will enter a further order establishing the amount of the sanctions that shall be awarded in favor of the Claimants and against the Debtor.

DONE AND ORDERED.