### In re GULF COAST ORTHOPEDIC CENTER, INC., Debtor.

#### No. 96–14739–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 10, 2003.

Marsha G. Rydberg, Esq., Michael P. Horan, Tampa, FL, Roy L. Glass, St. Petersburg, FL, for creditor.

Paul J. Battista, Genovese, Lichtman, Joblove et al., Miami, FL, for debtor.

Gary A. Shipman, Esq., Tallahassee, FL, Michael C. Markham, Johnson, Pope, Bokor, Ruppel & Burns PA, Clearwater, FL, for Pennington, Moore, Wilkinson, Bell & Dunbar, P.A.

John K. Olson, Esq., Stearns, Weaver, Miller, Weissler, etc., Tampa, FL, for trustee.

Gary W. Roberts, West Palm Beach, FL, for Administrative Expense Claimants.

## ORDER ON MOTION FOR AWARD OF FEES INCURRED IN OPPOSING 9011 MOTION

(Doc. No. 1743)

ALEXANDER L. PASKAY, Chief Judge.

This is a confirmed Chapter 11 case and the matter under consideration is "Rydberg's Motion for an Award of Attorney

Fees and Expenses Incurred in Opposing 9011 Motion Filed by Pennington, Moore, Wilkinson, Bell & Dunbar, P.A." (Doc. No. 1743), filed by Marsha Rydberg, as counsel for the "Malpractice Claimants." In the Motion, Ms. Rydberg seeks the entry of an Order awarding her reasonable expenses and attorneys' fees incurred in opposing the 9011 Motion filed by the Pennington law firm against her on or about June 25, 2002.

The matter was duly noticed and set for hearing, at which time this Court heard argument from Ms. Rydberg; Mr. Olson, counsel for the Trustee; Mr. Horan, counsel for the Non–Debtor Corporations, also known as the Bonati Group; and Mr. Markham, counsel for the Pennington law firm. As more fully set forth below, this Court is satisfied that the Motion is well taken and should be granted.

A brief recap of the relevant history preceding the instant matter is as follows. On October 29, 1996, Gulf Coast Orthopedic Center, Inc. (Debtor) filed for Chapter 11 relief pursuant to the Bankruptcy Code. The genesis of the filing was a result of multiple malpractice suits against the Debtor as a result of alleged botched surgeries by Doctor Alfred O. Bonati (Dr. Bonati) and his staff. For approximately four years, the Debtor filed multiple plans of reorganization, none of which reached confirmation.

In fact, the record reflects that on September 21, 2000, this Court entered an Order converting the Chapter 11 case to Chapter 7 case (Doc. No. 994). Ms. Susan Woodard was appointed the Chapter 7 Trustee and she subsequently employed Mr. Olson as her counsel. However, on May 8, 2001, the case was reconverted from Chapter 7 to Chapter 11 by Order of this Court (Doc. No. 1152), with Ms. Woodard now serving as the Chapter 11 Trustee (Doc. No. 1157). Ms. Woodard, as the

Chapter 11 Trustee, filed a Plan of Reorganization (Trustee's Plan) (Doc. Nos. 1217 and 1249). During the Chapter 11, Chapter 7, and reconverted Chapter 11 case, the major tug-of-war erupted between the Debtor and the Non–Debtor Corporations versus the "Malpractice Claimants," some of which are represented by Ms. Rydberg regarding the liquidation of their claims and their anticipated recovery against the Debtor and its insurance providers. It soon became painfully obvious to all parties involved that until the very substantial unliquidated claims of the Malpractice Claimants were resolved, hopefully without protracted litigation, there was no way to successfully achieve the reorganization by the Debtor. Therefore, the crux of the Trustee's Plan dealt with the liquidation of the Malpractice Claimants' claims against the Debtor based on a stipulation by the parties involved to resolve this major roadblock to effectively reorganize through an "arbitration proceeding" or "claims resolution process" of the claims of the Malpractice Claimants. Based on this stipulation, the Trustee's Plan was ultimately confirmed by this Court on November 26, 2001 (Doc. No. 1290).

Following confirmation of the Trustee's Plan, the Trustee employed the Pennington law firm as its special counsel to represent the interests of the estate in the arbitration proceeding. This retention was done without approval by the Court and was hotly objected to by the Malpractice Claimants, who on March 27, 2002, filed a Motion to Preclude Trustee from Retaining the Pennington law firm as the Trustee's claims resolution counsel (Doc. No. 1519). This Motion was based upon the Malpractice Claimant's contention that the Pennington law firm had a conflict of interest, including that the law firm currently represented Dr. Bonati and his Non–Debtor Corporations, employed an

attorney who was a relative of Dr. Bonati, and employed an attorney who was previously found to have had a conflict.

Initially, on May 7, 2002, this Court entered an Order (Doc. No. 1557), which denied the Motion and authorized the retention of the Pennington law firm. The Malpractice Claimants duly filed, on May 16, 2002, a Motion for Rehearing (Doc. No. 1563) of this Order. Ultimately, on November 12, 2002, this Court entered an Order, which granted reconsideration of the Motion and found that the Pennington law firm could not be retained as special counsel for the Trustee unless it filed an Application in full compliance with 11 U.S.C. § 327 and F.R.B.P.2014. The Pennington law firm filed and Application, which was considered by the Court, and on February 26, 2003, this Court denied the Application.

In the interim, it appears that on or about June 25, 2002, the Pennington law firm served upon Ms. Rydberg and her clients, who are creditors of the Debtor, its 9011 Motion entitled "Pennington Firm's Motion for Rule 9011 Sanctions Against Marsha G. Rydberg and the Rydberg Law Firm, P.A." The 9011 Motion was not filed with this Court until September 20, 2002, by the filing of a Notice of Filing (Doc. No. 1619) and again, on September 23, 2002, by the filing of a second Notice of Filing (Doc. No. 1629). In the 9011 Motion, the Pennington law firm asserted that Ms. Rydberg filed several motions "for an improper purpose and making contentions that are not warranted by existing law." The motions referenced in the 9011 Motion were Ms. Rydberg's Motion for Rehearing (Doc. No. 1563); an Amended Motion to Disgorge Funds (Doc. No. 1562); and a Supplement to Amended Motion to Disgorge Funds (Doc. No. 1567). The 9011 Motion was never withdrawn and was scheduled for hearing on December 4, 2002. On December 16, 2002, this Court entered an Order denying the 9011 Motion without prejudice (Doc. No. 1693).

On March 13, 2003, Ms. Rydberg filed this Motion pursuant to F.R.B.P. 9011(c), which provides that the Court may award to the party prevailing on the motion, the reasonable expenses and attorney fees for prosecuting or *opposing* the motion. At the hearing, Ms. Rydberg requested that this Court initially enter an Order determining her entitlement to an award of fees and costs, and if so found, then the monetary amount would be determined and awarded at a later date. For this proposition, she cited this Court's case of *In re Ballato*, 183 B.R. 955 (Bankr.M.D.Fla. 1995).

In opposing the Motion, counsels for the Trustee, the Pennington law firm, and the Non–Debtor Corporations, asserted that the Motion was untimely pursuant to Local Rule 7054–1; that Ms. Rydberg is not the "prevailing party" because the order that was entered said "without prejudice"; and that this Court has the discretion and should not award any fees because this Court is "tired of the ongoing feud between the parties."

■■■■ This Court having considered the arguments of counsel, is satisfied that the arguments asserted in opposition to the Motion are without merit. First, regarding the applicability of Local Rule 7054–1, this Court is satisfied that this Local Rule does not apply to Motions filed pursuant to F.R.B.P. 9011. Local Rule 7054–1 entitled "Costs—Taxation/Payment; Attorneys Fees" has nothing to do with taxing costs and fees associated with sanctions motion, but instead deals with the allowance of fees either by statute or by contract. Moreover, even if the Local Rule is applicable, this Court is satisfied that the underlying issue regarding the retention of the Pennington law firm was not fully re-

solved until entry of an Order by this Court on February 26, 2003, which denied the Application to employ the Pennington law firm. This Motion was filed on the fifteenth day, or one day after the "14 day" requirement set forth in the Local Rule. This Court is satisfied that it has the discretion to grant a one-day extension and therefore, the Motion would not have been untimely.

■ Second, the opposition asserts that Ms. Rydberg is not a "prevailing party," and cited several cases to support this proposition. The Court has reviewed the cases and is satisfied that each case is distinguishable. In this instance, the 9011 Motion was denied and ultimately Rydberg prevailed on the underlying issue, which was that the Pennington law firm could not be employed as the Trustee's special counsel. Therefore, this Court is satisfied that this argument is without merit. The last argument asserted by the opposition is that this Court is "tired" of this case and therefore, has the discretion to not award additional fees. The opinion of this Court regarding the continued contested matters in a case that has been pending for seven years is irrelevant to the discrete issue at hand. Ms. Rydberg has filed a motion seeking reimbursement of fees and costs, pursuant to F.R.B.P. 9011(c). This is wholly appropriate given that a 9011 Motion was filed against her and she ultimately prevailed upon the same.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Rydberg's Motion for an Award of Attorney Fees and Expenses Incurred in Opposing 9011 Motion Filed by Pennington, Moore, Wilkinson, Bell & Dunbar, P.A. be, and the same is hereby, granted. Ms. Rydberg is entitled to reasonable fees and costs only, in opposing the 9011 Motion. It is further

ORDERED, ADJUDGED AND DE-CREED that Ms. Rydberg shall file and serve within ten (10) days from the entry of this Order a break down of the fees and costs she asserts that she is entitled to. Any party may file a written objection to the same within (10) days thereafter. If no objection is interposed, this Court shall consider the same without the necessity of a hearing and enter an Order accordingly, if an objection is interposed, this Court shall conduct a hearing on the same.